NICHOLAS M. WAJDA (State Bar # 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESIRAE LANTRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:20-cv-03018<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, DESIRAE LANTRY, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I. Parties, Jurisdiction and Venue**

1. Plaintiff DESIRAE LANTRY ("Plaintiff") is a resident of Inglewood, California and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

3. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4. MCM collects defaulted debts owned by Midland Funding, LLC.

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## II. Background Allegations

### A. The Subject Debt

10. Plaintiff obtained credit (the "Subject Debt") from Citibank, N.A. ("Citibank") in the form of a Citibank Sears Credit Card.

11. Plaintiff incurred the Subject Debt for personal and household expenses.

12. Plaintiff made certain payments towards the Subject Debt, but thereafter, she fell into unforeseeable financial difficulties which rendered her unable to pay off the Subject Debt.

13. The Subject Debt fell into a default status.

14. After the Subject Debt fell into a default status, Midland Funding LLC purchased the Subject Debt from Citibank.

15. MCM has attempted to collect the Subject Debt on behalf Midland Funding LLC.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

17. On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to Midland Funding LLC the right to collect accounts in the form of "receivables" and MCM cannot be assigned any arbitration rights as a mere servicer of the Subject Debt.

**B. MCM's Collection Efforts Relative to the Subject Debt**

18. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 11/27/2019 (hereafter the "11/27/2019 Letter").

19. MCM sent the 11/27/2019 Letter to Plaintiff inside of the Time Sensitive Envelope in an attempt to collect the Subject Debt.

20. The 11/27/2019 Letter was mailed to Plaintiff by MCM inside of white envelope with the following language on the front of the envelope in black font: "**TIME SENSITIVE DOCUMENT**" (hereafter the "Time Sensitive Envelope" or "Envelope").

21. The Envelope has perforated edges to the right and left side of the Envelope.

22. When Plaintiff received the Time Sensitive Envelope, her attention was drawn to the fact that the Envelope said, "**TIME SENSITIVE DOCUMENT**."

23. Below is scanned image of the Time Sensitive Envelope:

FIRST REMOVE THESE EDGES.
FOLD, CREASE, AND TEAR ALONG PERFORATION.

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
MCM

TIME SENSITIVE DOCUMENT

PO Box 340
Waite Park, MN 56387-0340

24. After reading the words "**TIME SENSITIVE DOCUMENT**," Plaintiff immediately opened the Envelope in order to examine the letter contained inside of it that reportedly was time sensitive.

25. On or about 01-08-2020, MCM sent a collection letter (the "01-08-2020 Letter" to Plaintiff in an attempt to collect the Subject Debt.

26. When MCM mailed the 01-08-2020 Letter to Plaintiff, MCM mailed it inside of an envelope embossed with the words, "IMPORTANT INFORMATION ENCLOSED" forming a circle and the words "ATTENTION REQUESTED" in the center of the circle, at a slight angle.

27. An image of the envelope used to send the 01-08-2020 Letter is depicted below:



28. A representative example of the Embossed Envelope is depicted below:




29. MCM routinely sends collection letters inside of Time Sensitive Envelopes and Embossed Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

30. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Envelopes and Embossed Envelopes.

31. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Envelopes and

Embossed Envelopes than envelopes that do not contain the words depicted on the Time Sensitive Envelopes and Embossed Envelopes.

32. Both of the collection letters sent by MCM contained discounted payment options with time-sensitive payment deadlines.

33. Both collection letters sent by MCM contained the phrase "[w]e are not obligated to renew any offers provided."

34. This quoted language *has a tendency to create* misinform least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers. As the Honorable Ilana Rover explained in her concurring opinion in the case of *Preston v. Midland Credit Management, Inc*., 948 F.3d 772 (7th Cir. 2020) the above quoted language improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." 948 F.3d at 778.

35. According to Judge Rovner:

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

*Id*.

36. Judge Rover proposed alternative language and invited a future appeal:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."
>
> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently, under the current status

> of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Id*.

37. MCM's use of the phrase "[w]e are not obligated to renew any offers provided" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

38. On information and belief, more that forty consumers with addresses located within this Judicial District were mailed settlement offer letters where MCM's collection letter contained payment deadlines and the phrase "[w]e are not obligated to renew any offers provided."

39. The factual and legal issues related to MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical of the proposed class members.

## III. Causes of Action

### Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA

40. Plaintiff realleges the above paragraphs as though fully set forth herein.

41. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

43. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

44. The use of the phrase "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" on the subject Envelopes sent to Plaintiff violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

45. Plaintiff immediately opened the subject Envelopes because it contained the words "**TIME SENSITIVE DOCUMENT**" and IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED".

46. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" and IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

47. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" and IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope and the Embossed Envelope violate the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope and the Embossed Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692f(8) of the FDCPA**

48. Plaintiff realleges the above paragraphs as though fully set forth herein.

49. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

50. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

51. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

52. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" on the Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

53. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

54. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

55. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope or an Embossed Envelope within one year of the filing of this lawsuit.

56. MCM's use of the Time Sensitive Envelope and Embossed Envelope satisfy the elements of typicality, commonality, predominance and superiority.

57. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

58. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Citibank Sears Card account and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED".

59. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

60. The proposed class can be defined by MCM's records.

61. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope and the Embossed Envelope violate the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope and the Embossed Envelope in conjunction with any future collection letters;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope and the Embossed Envelope; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Phrase "[w]e are not obligated to renew any offers provided" Violates Section1692e of the FDCPA**

62. Plaintiff DESIRAE LANTRY realleges the above paragraphs as though fully set forth herein.

63. Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

64. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e of the FDCPA.

65. The proposed Letter based 1692e class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to a Citibank Sears Credit Card branded credit card.

**WHEREFORE**, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692e the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Phrase "[w]e are not obligated to renew any offers provided" Violates § 1692e(2)(A) of the FDCPA**

66. Plaintiff DESIRAE LANTRY incorporates realleges the above paragraphs as though fully set forth herein.

67. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

68. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692e(2)(A) of the FDCPA.

69. The proposed Letter based Section 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to a Citibank Sears Credit Card branded credit card.

**WHEREFORE**, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692e(2)(A) the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – The Phrase "[w]e are not obligated to renew any offers provided" Violates § 1692e(10)(A) of the FDCPA**

70. Plaintiff DESIRAE LANTRY incorporates realleges the above paragraphs as though fully set forth herein.

71. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

72. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692e(10) of the FDCPA.

73. The proposed Letter based Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to a Citibank Sears Credit Card branded credit card.

**WHEREFORE**, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692e(10) of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – The Phrase "[w]e are not obligated to renew any offers provided" Violates § 1692f of the FDCPA**

74. Plaintiff DESIRAE LANTRY incorporates realleges the above paragraphs as though fully set forth herein.

75. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

76. As explained by Judge Rovner's concurring opinion in *Preston v. Midland Credit*, the April 17, 2019 Letter's use of the phrase "[w]e are not obligated to renew any offers provided" - as opposed to – "[w]e *may, but* are not obligated to, renew this offer", violates Section 1692f of the FDCPA.

77. The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the letters did not contain the phrase "[w]e are not obligated to renew any offers provided" where the underlying debts were originally owed to a Citibank Sears Credit Card branded credit card.

**WHEREFORE**, Plaintiff DESIRAE LANTRY respectfully requests that this Honorable Court:

a. declare that MCM violated Section 1692f of the FDCPA by failing to include the phrase "we are not obligated to renew any offers provided";

b. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

c. award Plaintiff statutory damages of $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff demands a jury trial.**

Respectfully submitted, on behalf of

Plaintiff DESIRAE LANTRY individually and on behalf of all others similarly situated,

/s/ *Nicholas M. Wajda*
Nicholas M. Wajda (State Bar # 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*